## The Lake Shore and Michigan Southern Railway Company
### v.
## Charles Lassen.

1. Evidence.—Where in an action brought against a railroad company for the alleged loss of a trunk, a certain nickel plated check was put in evidence, and a witness, the baggage master of the company at Cleveland, having testified that nickel plated checks had never been used on through baggage to his knowledge, was asked whether his position was such that he would have known if they had been so used. *Held,* that such question was unobjectionable. To merely swear that none had been used to his knowledge might prove little or nothing without showing that he had means of knowing.

2. INFERENCE INVOLVING FACTS.—An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent to a specification of the facts. Where a baggage master of the company, having testified that a particular kind of check was alone available to carry the trunk in question between two designated stations, was asked to state whether it was possible for the check held by the plaintiff to have been used in the usual course of business. *Held*, that such question was competent, leaving the plaintiff to his right of cross-examination as to the grounds upon which the witness might base his statement.

3. EVIDENCE—INTRODUCTION OF POSTAL CARD.—It was improper to allow the contents of the postal card in this case to be read in evidence, as it was the statement of a third party not under oath, and not a party to the suit, and was merely hearsay.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed April 24, 1883.

Mr. CYRUS D. ROYS and Mr. WILLIAM B. KEEP, for appellant; that a binding contract can not be made between a third party and an unauthorized agent by which the liability of a common carrier is sought to be enlarged and extended, cited C. & A. R. R. Co. v. Thompson, 19 Ill. 587; C. & C. A. L. R'y Co. v. Marcus, 35 Ill. 222; 2 Redfield on Railways, 46.

As to what is included in baggage: Collins v. B. & M. R'y Co. 10 Cush. 506; Pardee v. Drew, 25 Wend. 459; Davis v. M. S. & N. I. R'y Co. 22 Ill. 282.

Plaintiff was presumed to have contracted with reference to the reasonable rules and regulations of the railroad, and of these no notice was necessary in a case like this: Johnson v. R'y Co. 46 N. H. 222; Hutchinson on Carriers, § 587; Thompson on Carriers of Passengers, 335; Deitrich v. Pa. R. R. Co. 71 Penn. 436.

It is error to instruct the jury upon facts not properly admissible under the pleadings: L. S. & M. S. R'y Co. v. Beam, 11 Bradwell, 219; I. C. R. R. Co. v. Frelka, 9 Bradwell, 605; Springfield City R'y Co. v. DeCamp, 11 Bradwell, 475; I. C. R. R. Co. v. McKee, 43 Ill. 120.

Failure to give notice of valuable contents of the trunk, constituted a fraud upon the railroad company: C. C. & A. R'y Co. v. Marcus, 38 Ill. 224; C. & A. R. R. Co. v. Thomp-

son, 19 Ill. 578; M. S. & N. I. R. R. Co. v. Oehm, 56 Ill. 293; Davis v. M. S. & N. I. R. R. Co. 22 Ill. 278; C. & A. R'y Co. v. Shea, 66 Ill. 471; M. Cent. R. R. Co. v. Carrow, 73 Ill. 348.

Mr. CLARENCE F. DORE and Messrs. ELLIS & MEEK, for appellee; that if plaintiff gave his trunk to defendant's agent, the company is liable notwithstanding any private instructions or rules of the company not brought to the knowledge of plaintiff: Minter v. Pacific R. R. Co. 41 Mo. 503; Mich. Cent. R. R. Co. v. Carrow, 73 Ill. 351.

WILSON, J. This is an action on the case by appellee, Lassen, against the Lake Shore and Michigan Southern Railway Company, to recover for the loss of a trunk and its contents, which it is alleged in the declaration were delivered to the defendant company at Cleveland, in the State of Ohio, to be carried to Chicago, in the State of Illinois, there to be delivered to the plaintiff.

It appears that Lassen bought a passage ticket at Copenhagen, Denmark, to Chicago, by steamer to New York, and thence by rail to Chicago via Cleveland, and the defendant's railroad. According to the plaintiff's testimony, he stopped over a day at Cleveland, and on resuming his journey got his trunk checked by the company's agent at Cleveland, for Chicago.

On the trial in the court below, the plaintiff produced a check which he testified was the check he received from the agent at Cleveland, and that it was the same check he presented to the railroad company on his arrival at Chicago, when he demanded his trunk, which the company failed to deliver to him.

Testimony was introduced on the part of the company tending to show that the check produced by the plaintiff was one of a kind never used by the company for checking baggage between Cleveland and Chicago; that they used for that purpose only a kind of check known as the Cleveland and Chicago check—a brass check with a hole in one end, and the

words " Cleveland and Chicago " on the back of it; that the square nickel or silver plated checks, such as the one produced by the plaintiff, were used for checking baggage between local and principal stations only, but never from Cleveland to Chicago.

Matthew Bean, who was the company's baggage master at Cleveland, and by whom the testimony as above stated was given, was asked by the court, "Have they [the nickel plated checks] ever been used within the last two and a half years?" He answered, "Not to my knowledge," whereupon Mr. Keep, counsel for the defendant, asked, "Haven't you been in a position where you would have known if they had been used?" To this question plaintiff's counsel objected, which objection was sustained by the court, and defendant excepted.

Mr. Keep then asked, " Please examine the check now shown you, the square nickel plated check, marked L. S. and M. S. R'y Co., K. 10, 249, and state whether it would be possible for that check to carry a trunk from Cleveland to Chicago in the regular course of business at that office?" This question was objected to by the plaintiff on the ground that it called only for the witness' conclusion. The objection was sustained, and the defendant excepted.

The first of the above questions (except as to its leading form, which was not made a ground of objection) was manifestly proper. The witness having testified that nickel plated checks had never been used on through baggage to his knowledge, was asked whether his position was such that he would have known it if they had been so used. The question was unobjectionable, and it was error to exclude it. To merely swear that none had been used to his knowledge, might prove little, or nothing, without showing that he had means of knowing.

The second question does not appear to us to ask for the mere conclusion of the witness, but rather for a statement of a fact. It was, in substance, whether such a check was available or could be used, in the usual course of business, to carry a trunk from Cleveland to Chicago. The witness was and for a long time had been the company's baggage-master at

Cleveland.   It was his business to know, and he may fairly be presumed to know from his experience and familiarity with the course of business in that department, whether local checks were available for through baggage, from one principal point to another; and whether a local check could be used or not was a question of fact and not one of opinion.   It is said by Mr. Wharton, that a conclusion in respect to matters-of-fact, is in many cases in itself an abbreviation of the facts. There are few statements of facts which are not inductions or conclusions of the person making the statement.

An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent to a specification of the facts.   The statement, for instance, " I saw A shoot B," is an induction, the person not seeing the ball strike B but inferring that it did from the report of the pistol, and the wound.   Whart. on Ev. §§ 15, 509, 510. Here the witness having testified that a particular kind of check was alone available to carry the trunk, between two designated stations, was asked to state whether it was possible for the check held by the plaintiff to have been used in the usual course of business.   We think the question was competent, leaving the plaintiff to his right of cross examination, as to the grounds upon which the witness might base his statement.

Another ground is urged for reversal of the judgment. After the conclusion of the defendant's evidence, the plaintiff was recalled, and offered in evidence a postal card which he claimed to have received by mail in answer to a letter written by him to the National Steamship Company in New York, informing that company that he had lost his trunk.   The contents of the card, when translated into English, were as follows: " The Steamship Erin, from Liverpool, the 9th of June, 1880, Karl Lassen was a passenger in this boat."   The writing was without signature.   The court, against the objection and exception of the defendant, allowed the contents of the postal to be read in evidence.

The evidence was manifestly incompetent; it was but the statement of a third party, not under oath and not a party to

the suit, and was merely hearsay. The defendant was entitled to have all evidence against it given under oath, and the witnesses subject to cross-examination. 1 Starkie on Ev. 59; also cases cited in Heller v. Howard, 11 Bradwell, 554.

Numerous other questions were discussed by counsel which we do not stop to consider. But for the reasons above stated the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.